| | |
|---|---|
| DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP<br>*Attorneys for the Debtor*<br>One North Lexington Avenue<br>White Plains, New York 10601<br>(914) 681-0200<br>Dawn Kirby, Esq. | **Hearing Date:**<br>**Hearing Time:** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Maracas Club and Restaurant LLC     Chapter 11
*dba* Maracas New York               Case No. 14-44489 (ESS)
*dba* JCM Entertainment, Inc.
*dba* Rum Jungle
*dba* Calypso City

                       Debtor.
-------------------------------------------------------------X

**MARACAS CLUB AND RESTAURANT LLC'S**
**PLAN OF REORGANIZATION DATED JUNE 29, 2015**

**ARTICLE I**
**SUMMARY**

      This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Maracas Club and Restaurant LLC (the "Debtor") from (i) cash flow from employment, and (ii) liquidation of certain real estate**.**

      This Plan provides for one (1) class of secured claims, one (1) class of priority claims, and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan up to 100 cents on the dollar. This Plan also provides for the payment of administrative and priority tax claims in full with respect to any such claim.

      All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

# ARTICLE II
# CLASSIFICATION OF CLAIMS

    2.01    <u>Class 1.</u>    Secured Claims pursuant to § 506 of the Code.

    2.02    <u>Class 2</u>.    Priority Claims pursuant to §§ 507(a)(1), (4), (5), (6), and (7) of the Code.

    2.03    <u>Class 3</u>.    All unsecured claims allowed under § 502 of the Code.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

    3.01    <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

    3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid on the Effective Date or on such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in full, in equal quarterly installments, over not more than five (5) years from Petition Date, with interest at the rate established by the Internal Revenue Service pursuant to 26 U.S.C. Section 6672 or pursuant to such other relevant statute. The first payments shall commence as soon as practicable after the Effective Date, but in no event later than thirty (30) days after the effective date of this Plan.

    3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees, and any applicable interest thereon) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees, and any applicable interest thereon, owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS UNDER THE PLAN

4.01     Claims shall be treated as follows under this Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 1 | Internal Revenue Service<br>Allowed Secured Claim Amount: $65,491.98 | Unimpaired | Paid in full over 5 years in quarterly installments of $3,274.60 |
| 1 | New York State<br>Allowed Secured Claim Amount: $142,000.78 | Unimpaired | Paid in full over 5 years in quarterly installments of $7,000.04 |
| 2 | Michael Shivdat Priority Unsecured wage Claim Pursuant to §507(a)(4)<br>Total Amount of Claim: $36,000.00 | Voluntary Waiver by Insider | -0- |
| 2 | Mohan Jaikran Priority Unsecured wage Claim Pursuant to §507(a)(4)<br>Total Amount of Claim: $0.00 | Voluntary Waiver by Insider | -0- |
| 2 | Shantal Jaikran Priority Unsecured wage Claim Pursuant to §507(a)(4)<br>Total Amount of Claim: $24,000.00 | Impaired-Voluntary Waiver by Insider | -0- |
| 3 | All unsecured claims allowed under § 502 of the Code. | Impaired | Class 3 is impaired under this Plan, and each holder of a Class 2 General Unsecured Claims shall receive 20% of the Allowed Amount of their claim over 5 year in equal quarterly installments. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01     Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent,

or unliquidated. The Debtor does not expect there to be any disputed claims on the Effective Date, and as such, there is no need for a disputed claims reserve to be established.

     5.02   <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.03   <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.01   <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

NONE.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan shall be funded from 5 years of the Debtor's operating profits, made in quarterly distributions. The Debtor shall first make the contribution necessary to make the payments of the amounts required on confirmation, namely outstanding United States Trustee fees pursuant to 28 U.S.C. Section 1930 and any applicable interest, if any, that are unpaid as of the Effective Date. Plan payments shall be made by the Debtor as the disbursing agent.

The Debtor's principal is obtaining a loan from her deceased father's estate in approximately the amount of $100,000 to support operations, rennovations and initial payments due under the Plan, or in the alternative she will refinance her home.

## ARTICLE VIII
## DEFAULT

     8.01   It shall be an event of default if the Debtor fails to make any payment as provided in the Plan.

8.02     Upon written receipt from any creditor of notice of default relating to payment, the Debtor shall have a period of thirty (30) days from receipt of such notice to cure such default and during such thirty (30) day period, the creditors shall take no action to terminate this Plan. If such default is cured by the Debtor within said thirty (30) day period, then the Plan shall continue in full force and effect. Any notices of default under the Plan shall be sent to the Debtor and Debtor's attorneys.

8.03     If full payment is not made within 30 days of such demand, then the creditors may collect any unpaid liabilities, and the automatic stay of 11 USC 362 (a) is lifted for this purpose without further order of the Court.

## ARTICLE IX
## GENERAL PROVISIONS

9.01     Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

9.02     Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

9.03     Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04     Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

9.05     Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.06     Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE X
## DISCHARGE

10.01    Discharge. In accordance with §1141(d)(5) of the Bankruptcy Code, upon the completion of all payments required under the Plan, the Debtor will be discharged from any debt

that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(5)(A) or (B) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B). In accordance with §1141(d)(5) of the Bankruptcy Code, the Court shall upon notice, re-open the Debtor's case to effectuate a discharge of all debts provided for in the Plan.

10.02  Final Decree. Upon substantial consummation of the Plan, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Notwithstanding, within 14 days following the distribution of any deposit required by the Plan or, if no deposit was required, upon the payment of the first distribution required by the plan, the Responsible Party shall file a closing report in accordance with Local Bankruptcy Rule 3022-1 and an application for a final decree.

10.03  Post-Confirmation Reports. In compliance with Local Bankruptcy Rule 3021-1, the Debtor shall be responsible for submitting post-confirmation reports until the Debtor's case is closed, converted, or dismissed, whichever happens earlier.

Dated: White Plains, New York
      June 29, 2015

                      Respectfully submitted,

                      MARACAS CLUB AND RESTAURANT

                      */s/ Babita Shivdat*
                      Babita Shivdat, President

                      DELBELLO DONNELLAN WEINGARTEN
                      WISE & WIEDERKEHR, LLP
                      Attorneys for the Debtor
                      One North Lexington Avenue
                      White Plains, New York 10601
                      (914) 681-0200

                      By:  */s/ Dawn Kirby*
                           Dawn Kirby