| | |
|---|---|
| DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP<br>*Attorneys for the Debtor*<br>One North Lexington Avenue<br>White Plains, New York 10601<br>(914) 681-0200<br>Dawn Kirby, Esq. | **Hearing Date: October 20, 2015**<br>**Hearing Time: 10:30 a.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

MARACAS CLUB AND RESTAURANT LLC,
d/b/a Maracas New York
d/b/a JMC Entertainment, Inc.
d/b/a Calypso City
d/b/a Rum Jungle,

                       Debtor.
-------------------------------------------------------------X

Chapter 11
Case No. 14-44489 (ESS)

## DEBTORS' RESPONSE TO MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THIS CASE TO CHAPTER 7 OR ALTERNATIVELY DISMISSING THE CASE

Debtor Maracas Club and Restaurant LLC ("Debtor"), by its attorneys DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, submits this response (the "Response") to the Motion of the United States Trustee (the "Motion") for an order converting this case to chapter 7 or alternatively dismissing the case. In support of this Response, the Debtor respectfully represents as follows:

1. The Debtor requests that the Court deny the motion without prejudice in order to give the Debtor's principal sufficient time to sell the building in which the Debtor operates. The LLC that owns the building consists of the Debtor's principal and the estate of her deceased father. The Debtor's principal believes the sale of the building will result in sufficient funds to pay the Debtor's creditors.

1

2. The Debtor's principal's father, Mohan Jaikaran, through his corporation JMC Entertainment, Inc. originally established a club and restaurant at the Debtor's premises. That club later became Maracas and is operated by the Debtor.

3. Mr. Jaikaran continued to be involved as an advisor to his daughter Babita Shivdat, the principal of the Debtor. In April, 2015, Mr. Jaikaran and his daughter Ms. Shivdat met with the Debtor's accountant and Debtor's counsel to review the claims filed in this case and to formulate a strategy for how the taxing authorities and other creditors would be paid in this case.

4. Tragically, only a short time later Mr. Jaikaran unexpectedly passed away. An article from the Daily News regarding his unexpected death is annexed as **Exhibit A**.

5. After Mr. Jaikaran passed away, Ms. Shivdat was heavily involved in his funeral arrangements and with assisting her mother. She was also called upon to assist in the sale of his businesses in Trinidad – WIN Radio 101.1 FM and WINTV television station – and the settling of his estate. Due to the family tragedy, over the summer Ms. Shivdat was not able to completely focus on the Maracas business.

6. Given the situation, it is not surprising that the Debtor operated at a loss in April, May, June and July. However, the Ms. Shivdat believes if the club was modernized and updated, business would increase to be profitable once again. In the meantime, she understands the Debtor cannot demonstrate it has the ability to propose a Plan of Reorganization from operating profits at this time.

7. Ms. Shivdat seeks to fund payments to creditors through the sale of the building in which the Debtor operates. Ms. Shivdat and her father (now his estate) are 50/50 members of the LLC that owns the building. The building is in foreclosure and the amount is in dispute. Regardless, even if the secured creditor's alleged amount due is correct, Ms. Shivdat believes

there is substantial equity in the building that can be used to fund a Plan for this case.

8. Ms. Shivdat has been in contact with real estate brokers, one of whom advised he recently sold a similar size building with similar zoning in the neighborhood for $3 million. Earlier this year, Ms. Shivdat received a letter of intent to purchase the property for $2.5 million, which was not accepted. Also, Ms. Shivdat believes the next-door neighbor has an interest in purchasing the building.

9. Last week a judgment and lien search was ordered on the property to determine the amount of the secured claim(s) on the building. It is expected to be delivered within a day or two.

10. Also, Ms. Shivdat engaged a commercial appraiser to provide her with a third party opinion as to the fair market value of the property. The appraiser has advised the Debtor's counsel that he visited the property last week and anticipates having an appraisal completed by this Friday.

11. Ms. Shivdat believes that if the Court provides her with a few additional months to complete a sale of the building, the proceeds will be able to fund a very substantial payment to the Debtor's creditors.

12. Concerning the operating reports, the August report is substantially completed. The accountant has a few questions that the Debtor is working to clarify. The Debtor hopes to have the report completed and filed by this week. The September operating report is also being worked on.

13. Concerning the "cash" payments outlined in paragraph 14 of the Trustee's motion, three of the transactions relate to TD Bank Checks that the Debtor obtained. On the statement, it appears as a cash withdrawal from the Debtor's account. Ms. Shivdat provided the following

explanations:

| | | |
|---|---|---|
| July 10 | $14,280 | TD Bank official check to Department of Finance<br>Payment of "rent" – made directly to real estate taxes |
| July 10 | $8 | Fee for above bank check |
| July 14 | $1,500 | Cash payment of "rent" to company that owns the property |
| July 14 | $1,400 | Cash payment for Corona and Heineken beer |
| July 20 | $1,500 | TD Bank official check to pay Empire Merchants, liquor supplier |
| July 20 | $400 | Cash payment for graphic artwork |

Copies of the TD Bank Checks, receipt for the beer purchase are annexed as **Exhibit B.**

14. The Debtor will bring a check to the hearing on this motion for the outstanding $650 in UST Fees.

15. Accordingly, the Debtor requests that the Court deny the Motion without prejudice to provide Ms. Shivdat and her father's estate a short period to sell the real property to fund payments to creditors.

Dated: White Plains, New York
October 19, 2015

> DELBELLO, DONNELLAN,
> WEINGARTEN, WISE & WIEDERKEHR, LLP
> Counsel for the Debtor
> One North Lexington Avenue
> White Plains, New York 10601
> (914) 681-0200
>
> By: */s/ Dawn Kirby*
>     Dawn Kirby, Esq.