| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>In re<br><br>MARACAS CLUB AND RESTAURANT LLC,<br><br><br>                Debtor.<br>------------------------------------------------------------X | **Hearing Date: November 5, 2015**<br>**Hearing Time: 10:30 a.m.**<br><br><br>Case No. 14-44489 (ESS)<br><br>Chapter 11 |

### REPLY IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISS CASE

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this reply (the "Reply") to the Debtor's Response to [the] Motion of the United States Trustee for an Order Converting this Case to Chapter 7 or, Alternatively, Dismissing the Case (the "Response") and in support of his motion for an order, pursuant to 11 U.S.C. § 1112(b), converting the chapter 11 case of Maracas Club and Restaurant LLC (the "Debtor") to a case under chapter 7 or, in the alternative, dismissing the chapter 11 case (the "Motion"). In support of the Motion, the United States Trustee respectfully represents and alleges as follows:

### I. INTRODUCTION

The Court should convert the Debtor's chapter 11 case to chapter 7 or dismiss the case because the Debtor continues to demonstrate that it is unwilling to properly conduct itself as a debtor-in-possession. In the Motion, the United States Trustee outlined the Debtor's gross mismanagement of the estate, including its failure to pay over $37,000.00 in post-petition taxes, failure to withhold payroll taxes and $19,000.00 in cash disbursements to unknown parties. The United States Trustee also noted the continuing losses and lack of a likelihood of rehabilitation

- 1 -

and the Debtor's failure to timely file monthly operating reports and pay quarterly fees to the United States Trustee.

In the Response, filed at 4:00 p.m. on the day before the original hearing on the Motion, the Debtor argues that the Motion should be denied because of the death of the father of the Debtor's principal and the resulting opportunity for the sale of a non-debtor real estate asset. The Response is silent as to the numerous substantive allegations contained in the Motion. At the first hearing on the Motion, the Court permitted the Debtor to attempt to restore order in its case and entered an Order directing the Debtor to file outstanding monthly operating reports by October 27, 2015. The Debtor has not complied with the order and monthly operating reports for August and September 2015 are still outstanding and past due.

The passage of time has also lead to the discovery of additional, and more egregious, instances of the gross mismanagement by the Debtor. Bank statements from the debtor-in-possession bank account for August 2015 reveal not only additional cash disbursements, but numerous purchases for travel and consumer purchases that appear to be personal expenses of the Debtor's principal unrelated to the operation of the Debtor's business.

Cause, therefore, exists to convert this case to chapter 7 or dismiss this case under sections 1112(b)(4)(A), (B), (E), (F) and (I), and the Court should convert the Debtor's case to chapter 7 because conversion is in the best interest of creditors and the estate. This Debtor may have assets, and the Debtor's conduct during its case, including since the Motion was filed, suggests that the Debtor's current management has not complied with proper procedure as a debtor-in-possession and calls into question all of the financial disclosures made by the Debtor to date. Conversion provides an avenue for an independent trustee to examine the Debtor's books

and records, recover transfers, commence litigation and liquidate assets for the benefit of creditors.

## II. STATEMENT OF FACTS

1. The United States Trustee respectfully incorporates the facts alleged in the Declaration of William E. Curtin in Support of the Motion, dated September 22, 2015 (the "First Curtin Decl."), ¶3, ECF Doc. No. 54.

**Failure to Comply With a Court Order**

2. At the first hearing on the Motion, held on October 20, 2015, the Court issued an Order (the "October 20th Order") directing the Debtor to "[b]ecome current on monthly operating reports and [United State Trustee] fees by 10/27/15." ECF Docket Entry dated October 20, 2015.

3. The Debtor has not filed any monthly operating reports since the entry of the October 20th Order and reports for August 2015 and September 2015 are currently past due. See Second Declaration of William E. Curtin in Support of the Motion, dated November 2, 2015 (the "Second Curtin Decl."), ¶ 4.

**Further Instances of Gross Mismanagement**

4. The August bank statements from the Debtor's debtor-in-possession bank accounts (the "August Bank Statements") were provided to the United States Trustee by Debtor's counsel. See Second Curtin Decl., ¶ 5.

5. Continuing the issues in the July 2015 monthly operating report, the August Bank Statements reveal two additional cash disbursements in the aggregate amount of $1,203.00. See Second Curtin Decl., ¶ 6. The cash disbursements are summarized in the chart below:

| Date | Amount |
|---|---|
| August 17, 2015 | $700.00 |
| August 24, 2015 | $503.00 |
| **TOTAL** | **$1,203.00** |

Id.

6. The August Bank Statements also contain numerous purchases and expenses, in the aggregate amount of $6,502.70, that appear to be for consumer purchases and travel not related to the operations of the Debtor. See Second Curtin Decl., ¶ 7. These purchases and expenses are summarized in the chart below:

| Date | Description | Amount |
|---|---|---|
| August 3, 2015 | Toula Restaurant in Toronto | $279.53 |
| August 3, 2015 | Sheraton at the Falls in Niagara Falls | $227.00 |
| August 3, 2015 | Sheraton at the Falls in Niagara Falls | $190.94 |
| August 3, 2015 | Hilton Garden Inn in Thornhill | $97.70 |
| August 3, 2015 | Hilton Garden Inn in Thornhill | $97.70 |
| August 3, 2015 | Guess in Toronto | $65.49 |
| August 3, 2015 | H&M in Toronto | $43.65 |
| August 4, 2015 | Delta in Belleville, NJ | $34.59 |
| August 4, 2015 | Tim Horton's in Toronto | $6.58 |
| August 5, 2015 | Westin Hotel in Toronto | $771.12 |
| August 5, 2015 | Parking in Toronto | $11.45 |
| August 7, 2015 | Franklin Square Dev. | $41.69 |
| August 10, 2015 | Guess.com | $128.18 |
| August 10, 2015 | JetBlue Inflight | $6.00 |
| August 11, 2015 | Think Ideas | $135.00 |
| August 12, 2015 | B&H Photo | $1,922.25 |
| August 17, 2015 | Rackspace | $655.00 |
| August 17, 2015 | Caribbean Airlines | $552.50 |
| August 17, 2015 | Gamestop | $499.65 |
| August 17, 2015 | Bed, Bath & Beyond | $23.98 |
| August 19, 2015 | Polo Ralph Lauren | $69.43 |
| August 19, 2015 | Coach | $63.00 |
| August 31, 2015 | AT&T Text2Pay | $564.04 |
| August 31, 2015 | Madoo Holdings | $16.23 |
| **TOTAL** | | **$6,502.70** |

Id.


## III. ARGUMENT

    **A.    Cause Exists to Convert or Dismiss this Case under 11 U.S.C. § 1112(b) Due to the Debtor's Failure to Pay Quarterly Fees.**

Section 1112(b) provides, in part:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including

    (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B)    gross mismanagement of the estate;

\*\*\*

    (E)    failure to comply with an order of the court;

    (F)    unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; [and]

\*\*\*

    (I)    failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief.

11 U.S.C. § 1112(b)(4).

The list of factors is non exclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide

discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss chapter 11 case on motion or sua sponte upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b)).

**1. The Debtor Failed to Comply With An Order of the Court.**

The Debtor's failure to obey an order of the court constitutes grounds for conversion or dismissal. 11 U.S.C. § 1112(b)(4)(E); see In re Emergystat of Sulligent, Inc., 2008 WL 597613 (Bankr. E.D. Tenn. February 29, 2008) (failure to comply with terms of cash collateral order constituted failure to obey an order of the court and cause to dismiss chapter 11 case). Here, the October 20th Order directed the Debtor to "[b]ecome current on monthly operating reports and [United State Trustee] fees by 10/27/15." ECF Docket Entry dated October 20, 2015. The Debtor has not filed any monthly operating reports since the entry of the October 20th Order and reports for August 2015 and September 2015 are currently past due. See Second Curtin Decl., ¶ 4. Therefore, cause exists to convert this case under Section 1112(b)(4)(E).

**2. Further Instances of Gross Mismanagement.**

The Debtor's gross mismanagement of its estate constitutes grounds for conversion of its case to one under chapter 7. 11 U.S.C. § 1112(b)(4)(B); see In re Gateway Access Solutions, Inc., 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007) (failure to maintain effective corporate management team constituted gross mismanagement and is cause to dismiss chapter 11 case); In re Products International Co., 395 B.R. 101, 111 (Bankr. D. Az. 2008) (gross mismanagement is cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(B)); In re Tucker, 411 B.R. 530, 533 (Bankr. S.D. Ga. 2009) (standing alone, gross mismanagement is sufficient cause for conversion or dismissal under 11 U.S.C. § 1112(b)(4)(B)). As a debtor-in-possession , the

Debtor owes a fiduciary duty to its creditors and is obligated to follow the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. In re Wallace, 2010 WL 378351 at *4 (Bankr. D. Id., January 26, 2010); see e.g. 11 U.S.C. §§1106, 1107; Fed. R. Bankr. P. 2015 (delineating the duties of chapter 11 debtors-in-possession).[1]

In addition to the conduct outlined in the Motion, the Debtor has grossly mismanaged its estate by:

1)      Continuing the issues in the July 2015 monthly operating report, the August Bank Statements revealed two additional cash disbursements in the aggregate amount of $1,203.00. See Second Curtin Decl., ¶ 6.

2)      The August Bank Statements also contained numerous purchases and expenses, in the aggregate amount of $6,502.70, that appear to be for consumer purchases and travel for the benefit of the Debtor's principal and not related to the operations of the Debtor. See Second Curtin Decl., ¶ 7, see also In re Fall, 405 B.R. 863, 869 (Bankr. N.D. Ohio 2008) (unauthorized payment of expenses of Debtor's principal constitutes cause to dismiss case).

---

[1] The United States Trustee provides debtors in possession with the Guidelines to help them navigate chapter 11 by clarifying their financial reporting requirements and addressing other requirements and limitations on their post-petition actions. See In re Wallace, 2010 WL 378351 at *4.

## V. <u>CONCLUSION</u>

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting the Motion and converting this chapter 11 case to chapter 7, and granting other and further relief as is just and proper.

Dated: New York, New York
November 2, 2015

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ William E. Curtin*
William E. Curtin (WC-1974)
Trial Attorney
201 Varick Street, Suite 1006
New York, New York 10014
Tel. No. (212) 510-0500
Fax No. (212) 668-2255